## Case No. 1,159.

### BEALE v. RAILWAY CO.

[1 Dill. 569.][1]

Circuit Court, D. Iowa, 1871.

GROSS NEGLIGENCE—EXEMPLARY DAMAGES.

Exemplary damages may be awarded against a railway company for an accident which happens in consequence of the gross negligence or drunkenness of their servants.

[Cited in Malloy v. Bennett, 15 Fed. 374.]

At law. This was an action for damages caused by a collision, and was tried before LOVE, District Judge. The negligence of the defendant's servants was admitted on the trial. The plaintiff suffered a severe and permanent injury. The jury found a verdict for $5,000 against the company, which moved for a new trial on the following grounds:

1. That the court erred in instructing the jury that a corporation might be rendered liable in punitive damages for the gross negligence of its servants.

2. That the court erred in instructing the jury that a single case of intoxication by a railroad engineer, when on duty, in the absence of countervailing proof, raises a presumption that he is a man of intemperate habits, and the superintending officer of the company is presumed to have knowledge of the character of its employes.

Nourse & Kauffman, for plaintiff.
Withrow & Wright, for defendant.

LOVE, District Judge, in overruling the motion for a new trial, held:

That on the grounds of public policy and for the better security of the rights of the public, punitive damages can, and in certain cases ought to, be awarded against railroad corporations. Punitive damages, it is true, are in the nature of punishment; and it is equally true that in ordinary cases it is contrary to our ideas of justice that the defendant should receive more than compensation for the injuries he sustained, but in cases like the one at bar, although the excess above the amount of real damages goes to the plaintiff, still, it is well settled that it is one of the means of securing more care and attention on the part of corporations having great rights and privileges, that in cases of injury arising from the gross misconduct or negligence of their employes, they are liable to punitive damages. It is a right and interest that the public have in every prosecution of this kind, that these companies shall be taught, so to speak, that they are held to exercise not only ordinary care, but extraordinary care in the transportation of passengers, and on these grounds, courts are inclined to uphold the reasonable verdicts of juries where punitive damages are awarded.

The counsel for the defendant have suggested to the court that railroad companies should not be held liable for punitive dam-

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

ages for the gross negligence of one of their employes, unless notice of the character of the employe is brought to the knowledge of the company. But the complete answer to this is that a railroad company acts only through its agents—the directors, the superintendent, and all the employes are the agents through whom alone the company acts, and unless the company are held liable for the acts of these parties, the public have neither a remedy nor security. The public have a direct interest in having these companies employ capable, honest, and reliable men, and it is the duty of the companies to see that their employes are of a proper character, or courts and juries will hold them to a strict accountability for misconduct. A railroad company employs a drunken engineer; the life and personal security of the travelling public is placed in his hands; the public can know nothing of his character, and if an accident occurs, occasioned by his negligence, inattention, or misconduct, and loss of life or limb results, the company should be held responsible for the accident thus occurring; not only in compensatory damages, but punitive damages for the want of the exercise of care in the character of the employes selected. And experience has long since demonstrated that merely compensatory damages is not sufficient to compel these companies to that care and attention that the personal safety and security of the travelling public demand.

Under the peculiar circumstances of this case the court is unable to separate the proof of the actual damages from the inference of punitive damages. The conduct of the agent of the company is so intimately connected with the proof of the circumstances connected with, and the character of the injury received, that one cannot be excluded without the other. So that the evidence, although in its nature tending to show a reason for punitive damages, would be still admissible as showing the actual damages. But under the rulings of this case heretofore stated by the court, it would, for other reasons, be admissible.

Judgment on the verdict.